[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Kennedy*, Slip Opinion No. 2024-Ohio-5728.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5728

THE STATE OF OHIO, APPELLANT, *v.* KENNEDY, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Kennedy*, Slip Opinion No. 2024-Ohio-5728.]

*Criminal law—Judicial release—R.C. 2929.20—Judicial-release eligibility is determined separately for each stated prison term, informed by the aggregate of all nonmandatory prison terms imposed—Judgment reversed and cause remanded.*

(No. 2023-1299—Submitted July 24, 2024—Decided December 10, 2024.)

APPEAL from the Court of Appeals for Franklin County,

Nos. 22AP-534 and 22AP-536, 2023-Ohio-3078.

_____

STEWART, J., authored the opinion of the court, which KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, and DETERS, JJ., joined. DONNELLY, J., concurred in judgment only, with an opinion that will be released at a later date.

**STEWART, J.**

**{¶ 1}** In this discretionary appeal from a split decision of the Tenth District Court of Appeals, we are asked to decide whether the court of appeals properly determined that appellee, Chelsie Kennedy, was eligible for judicial release under R.C. 2929.20. We conclude that the Tenth District correctly determined that former R.C. 2929.20(C)(5), 2018 Am.Sub.S.B. No. 201,[1] applies to Kennedy based on the aggregate of the nonmandatory prison terms to which she was subject. However, because the appellate court did not conduct a complete inquiry regarding whether Kennedy had served the requisite amount of her stated prison terms before she filed her motion for judicial release, as set forth in R.C. 2929.20(C)(4) and (5), we reverse the court of appeals' judgment affirming the trial court's entry granting judicial release and remand this case to the trial court for further proceedings to determine whether Kennedy completed the prescribed waiting period.

**Facts and Procedural History**

**{¶ 2}** In 2014, Kennedy pled guilty to robbery charges in three different cases in the Franklin County Court of Common Pleas: one case assigned to one judge and two cases assigned to a different judge. Kennedy was sentenced as follows:

- Case No. 14CR-769 – the trial court (Judge 1) sentenced Kennedy to an aggregate nine-years of incarceration (one year of which was a mandatory sentence for a firearm specification);

- Case No. 14CR-514 – the trial court (Judge 2) sentenced Kennedy to five years of incarceration, to be served consecutively to 14CR-769, but concurrently to Case No. 14 CR-834;

---

1. The relevant language of former R.C. 2929.20(A),(B), and (C)(1) through (5), 2018 Am.Sub.S.B. No. 201, which was in effect when Kennedy filed her motion for judicial release, remains in the current version of the law, but the subsections have been renumbered in the current version as R.C. 2929.20(C)(1)(a) through (e). All citations herein to R.C. 2929.20(A),(B), and (C) are to the 2018 Am.Sub.S.B. No. 201 version unless otherwise indicated.

- 14CR-834 – the trial court (Judge 2) sentenced Kennedy to an aggregate six years of incarceration (one year of which was a mandatory sentence for a firearm specification), to be served concurrently with the sentence imposed in Case No. 14CR-514, but consecutively to the sentence imposed in Case No. 14CR-769.

{¶ 3} Kennedy filed a motion for judicial release in each case. The judge in case number 14CR-769 denied her motion. Relevant to the matter before us are the motions filed in case numbers 14CR-514 and 14CR-834. In the motions filed in 14CR-514 and 14CR-834, Kennedy argued she was already eligible for judicial release under R.C. 2929.20(C)(3) because she had served more than four years of her aggregated sentence. The State opposed the motion, arguing that Kennedy had not yet completed the nine-year sentence imposed in 14CR-769, and that Kennedy's eligibility for judicial release should be separately determined by "two sentencing courts," the one that imposed her sentence in 14CR-769 and the one that imposed her sentence in 14CR-514 and 14CR-834. Kennedy filed a supplemental memorandum in support of her motion, contending that she was eligible for judicial release even if the State's argument applied to her circumstance, because she had served more than half the aggregated 15-year prison term imposed in all three cases. *See* R.C. 2929.20(C)(4) and (5). In response, the State noted that Kennedy had separately been denied judicial release in 14CR-769 and, again, had not completed her nine-year prison term in that case. As a result, the State argued, to be eligible for judicial release under R.C. 2929.20(C)(3), the law requires Kennedy to serve at least five years of the concurrent sentences imposed in 14CR-514 and 14CR-834 *after* completing the sentence in 14CR-769.

{¶ 4} The trial court granted Kennedy's motion for judicial release in 14CR-514 and 14CR-834. Specifically, the trial court found that Kennedy was an "eligible offender" under R.C. 2929.20(B) and (C)(4) and (5) because the sentences imposed in 14CR-514 and 14CR-834 "constitute[d] the sentence of a single 'sentencing

court,' " R.C. 2929.20(C). Having found that Kennedy was an "eligible offender," the trial court granted Kennedy judicial release because she had served more than eight years in prison and based on Kennedy's conduct in prison and the court's consideration of the seriousness and recidivism factors under R.C. 2929.20(J). The trial court suspended Kennedy's sentences in 14CR-514 and 14CR-834 and placed Kennedy on community control for three-years, to begin at the conclusion of Kennedy's sentence in 14CR-769. The trial court expressly noted that its decision had "no impact on the sentence imposed" in 14CR-769.

{¶ 5} The State appealed the judgments in14CR-514 and 14CR-834. After consolidating the appeals, the Tenth District Court of Appeals affirmed in a split decision. 2023-Ohio-3078, ¶ 42 (10th Dist.). We accepted the State's discretionary appeal on the following proposition of law: "Judicial-release eligibility is determined separately for each stated prison term, and a sentencing court can grant judicial release only on the stated prison term imposed by that court." *See* 2024-Ohio-163.

**Analysis**

{¶ 6} The State's proposition of law presents two separate issues. The first half of the proposition states, "Judicial-release eligibility is determined separately for each stated prison term," and the second half states, "[A] sentencing court can grant judicial release only on the stated prison term imposed by that court." The second half of the proposition is not at issue here. As the court of appeals' decision recognized, "[T]he trial court's decision to grant judicial release in case Nos. 14CR-514 and 14CR-834 did not impact the sentence imposed in case No. 14CR-769— over which the granting trial court judge was not presiding . . . ." 2023-Ohio-3078 at ¶ 35 (10th Dist.). And the trial court's entry granting judicial release was clear: "The Court notes this decision ONLY applies to Case Nos. 14CR-514 and 14CR-834. This decision has no impact on the sentence imposed in 14CR-769, currently assigned to Franklin County Judge David Young." (Capitalization in original.)

4

Thus, the trial court here granted judicial release only on the prison terms imposed in case Nos. 14CR-514 and 14CR-834. Accordingly, we focus our analysis on the first half of the State's proposition of law.

{¶ 7} Under R.C. 2929.20(C), an "eligible offender may file a motion for judicial release with the sentencing court within" a certain defined time as delineated in R.C. 2929.20(C)(1) through (5). This statute instructs an eligible offender where and when to file the motion. According to R.C. 2929.20(A)(1)(a), an "eligible offender" is someone who "is serving a stated prison term that includes one or more nonmandatory prison terms" and does not fall under one of the excluded categories of offenders enumerated in R.C. 2929.20(A)(1)(b). A "stated prison term" is "the prison term, mandatory prison term, or combination of all prison terms and mandatory prison terms imposed by the sentencing court." R.C. 2929.01(FF)(1). Although "sentencing court" is not defined in the statute, we find its meaning plain and ordinary enough to conclude that the sentencing court is the court that imposed the sentence for which the offender is seeking judicial release.

{¶ 8} Kennedy meets the definition of an eligible offender under R.C. 2929.20(A)(1). She filed a motion for judicial release in Case Nos. 14CR-514 and 14CR-834, and each of the sentences in those cases included a nonmandatory prison term. Thus, the relevant question is whether Kennedy has filed the judicial-release motions after the applicable waiting period described in R.C. 2929.20(C)(1) through (5).

{¶ 9} Each subsection of R.C. 2929.20(C) describes two separate calculations a court must conduct to determine when an offender may move for judicial release. R.C. 2929.20(C)(1) states, "*If the aggregated nonmandatory prison term or terms is less than two years*, the eligible offender may file the motion at any time after the offender is delivered to a state correctional institution or, if the prison term includes a mandatory prison term or terms, at any time after the expiration of all mandatory prison terms." (Emphasis added.) R.C. 2929.20(C)(2)

through (5) contain similar language. The sentencing court must first determine the length of the "aggregated nonmandatory prison term or terms." That calculation determines which subsection of R.C. 2929.20(C) applies to the offender.

**{¶ 10}** R.C. 2929.20(A)(6) defines "aggregated nonmandatory prison term" as "the aggregate of the following: (a) [a]ll nonmandatory definite prison terms; (b) [w]ith respect to any non-life felony indefinite prison term, all nonmandatory minimum prison terms imposed as part of the non-life felony indefinite prison term or terms." Notably, there is no reference in this definition to the "sentencing court," or even to a "stated prison term" (which, as described above, is defined as the prison term that the sentencing court has imposed). Instead, the statute plainly defines "aggregated nonmandatory prison term or terms" as the aggregate of "all" nonmandatory definite prison terms. R.C. 2929.20(A)(6)(a). Because "'all' means all," *Watkins v. Dept. of Youth Servs.*, 2015-Ohio-1776, ¶ 16, we find neither ambiguity nor limitation in the meaning of "aggregated nonmandatory prison term."

**{¶ 11}** The State argues that the only nonmandatory prison terms that a court should aggregate to determine which subsection of R.C. 2929.20(C) applies are the aggregated nonmandatory prison terms issued by the court in 14CR-514 and 14-CR-834, which are, in the State's view, one sentencing court. But the plain language of the statute contains no such limitation. The phrase "stated prison term" occurs in other parts of R.C. 2929.20, but not in the definition of "aggregated nonmandatory prison term" in R.C. 2929.20(A)(6).

**{¶ 12}** Significantly, in 2011, the General Assembly removed from the statute the phrase "stated prison term" to determine which waiting period applied to an offender seeking judicial release. *See* 2011 Am.Sub.H.B. No. 86, effective September 30, 2011 ("H.B. 86"). Before 2011, the calculation to determine which waiting period applied depended on the "stated prison term," not the "aggregated nonmandatory prison term or terms." *See* 2008 Am.Sub.H.B. No. 30. Specifically,

the pre-2011 version of R.C. 2929.20(C)(1) stated, "If the stated prison term is less than two years, the eligible offender may file the motion not earlier than thirty days after the offender is delivered to a state correctional institution." *Id.* Because the statutory definition of "stated prison term" is the prison term or terms "imposed by the sentencing court," R.C. 2929.01(FF), the use of "stated prison term" in R.C. 2929.20 before 2011 required the sentencing court to look only at what it had imposed.[2] Since the 2011 amendment, the statute requires the court to look at the "aggregated nonmandatory prison term or terms," the definition for which includes no reference to "stated prison term," or, by extension, the "sentencing court." Thus, the 2011 amendment compels the conclusion that the General Assembly intended to change what a court should consider when determining the waiting period for an offender seeking judicial release. "'In construing a statute, this court's duty is to give effect to the General Assembly's intent as expressed in the language if enacted.' " *State v. Bryant*, 2020-Ohio-1041, ¶ 22, quoting *State v. Braden*, 2019-Ohio-4204, ¶ 17.

{¶ 13} Giving effect to the General Assembly's use of the phrase "aggregated nonmandatory prison term or terms" in place of "stated prison term" in R.C. 2929.20(C), we conclude that the calculation required to determine the subsection of R.C. 2929.20(C) that is applicable to an offender who seeks judicial release, is exactly what the statute says that term means: the aggregate of *all* nonmandatory prison terms that the offender is serving. As a result, a court must consider any nonmandatory prison term the offender is serving, regardless of which court sentenced the offender or in which court the offender has filed the judicial-release motion at issue.

---

2. The pre-2011 version of R.C. 2929.20 was in effect in *State v. Smith,* 2004-Ohio-3573 (2d Dist.), a case cited by both parties. Given that the version of the statute applicable in *Smith* used different language to describe how to determine which section of R.C. 2929.20(C) to apply to an offender's motion for judicial release, we do not find that case instructive here.

**{¶ 14}** Taking together the sentences in the three cases to which Kennedy was subject when she filed the relevant judicial-release motions in 14CR-514 and 14CR-834, we note that the aggregated nonmandatory prison terms amounted to 13 years total (an eight-year nonmandatory prison term in 14CR-769 to be served consecutively to concurrent five-year nonmandatory prison terms in 14CR-514 and 14CR-834). Accordingly, R.C. 2929.20(C)(5) applies to Kennedy's eligibility determination because that section addresses an "aggregated nonmandatory prison term or terms [of] more than ten years."

**{¶ 15}** Now that we know which subsection of R.C. 2929.20(C) applies, we turn to the second calculation: to determine the specific waiting period after which Kennedy may move the sentencing court for judicial release. R.C. 2929.20(C)(5) states: "If the aggregated nonmandatory prison term or terms is more than ten years, the eligible offender may file the motion *not earlier than the later of the date on which the offender has served one-half of the offender's stated prison term or the date specified in division (C)(4)*." (Emphasis added.) R.C. 2929.20(C)(4) states: "[T]he eligible offender may file the motion not earlier than the date on which the eligible offender has served five years of the offender's stated prison term or, if the prison term includes a mandatory prison term or terms, *not earlier than five years after the expiration of all mandatory prison terms*." (Emphasis added.)

**{¶ 16}** Unlike the phrase "aggregated nonmandatory prison term or terms" discussed above, the relevant calculation to determine the specific waiting period in R.C. 2929.20(C)(4) and (5) expressly refers to an offender's "stated prison term." Again, "stated prison term" is defined as "the prison term, mandatory prison term, or combination of all prison terms and mandatory prison terms *imposed by the sentencing court*." (Emphasis added.) R.C. 2929.01(FF)(1). Therefore, this calculation is limited to how much time the offender has served of the specific sentence or sentences imposed in the case in which the offender is seeking judicial release.

{¶ 17} Notably, the waiting period described in R.C. 2929.20(C)(1) and (2) relies on different language. For example, R.C. 2929.20(C)(1) states: "If the aggregated nonmandatory prison term or terms is less than two years, the eligible offender may file the motion at any time *after the offender is delivered to a state correctional institution* or, if the prison term includes a mandatory prison term or terms, at any time after the expiration of all mandatory prison terms." (Emphasis added.) The reliance in this subsection on the date on which an offender is delivered to a correctional institution stands in contrast to R.C. 2929.20(C)(4) and (5), which require the court to look at how much of a stated prison term the offender has served.

{¶ 18} Kennedy's argument appears to ignore this distinction. Her argument suggests that her three sentences are the "stated prison term" and that any time served on any of the three sentences may be used to calculate the waiting period for filing a motion for judicial release with regard to any of the three sentences. This interpretation removes from R.C. 2929.20(C)(4) and (5) the reference to the "stated prison term," because the definition of "stated prison term" refers to the sentence imposed by the sentencing court, which is the sentence that is the subject of the judicial-release motion. It also undermines any consecutive-sentencing directive that might have been imposed as part of an offender's sentences (such as the sentences imposed on Kennedy in 14CR-514 and 14CR-834). Kennedy's argument might prevail if the applicable section of R.C. 2929.20(C) described the relevant waiting period in terms of the date on which the offender was delivered to a state correctional institution, as R.C. 2929.20(C)(1) and (2) do. But we presume the General Assembly to have acted intentionally by choosing different phrasing in R.C. 2929.20(C)(4) and (5), which are the subsections relevant here.

{¶ 19} Because the meaning of "stated prison term" depends on the meaning of the term "sentencing court," see R.C. 2929.01(FF)(1), different

interpretations of "sentencing court" have led to some confusion of the meaning of "stated prison term."  Kennedy was sentenced in three cases presided over by two judges on the Franklin County Court of Common Pleas.  Under the State's view and that of the dissenting judge in the court of appeals, there are two sentencing courts in Kennedy's three cases: one sentencing court before a judge in 14CR-769, and another sentencing court before a different judge in 14CR-514 and 14CR-834.  The trial court also found that "the instant cases [14CR-514 and 14CR-834] constitute the sentence of a single "sentencing court" under R.C. 2929.20(B) and (C). . . ."[3]  But the 14CR-514 and 14CR-834 were not consolidated for sentencing.  And the judicial-release motions were separately filed in each of those cases.  As previously mentioned, although there is no statutory definition of "sentencing court," we rely on the plain and ordinary meaning of the words used and conclude that a "sentencing court" is the court that imposed the sentence in the case for which the offender has moved for judicial release.  Here, although the trial court considered Kennedy's judicial-release motions in 14CR-514 and 14CR-834 together, each of those cases contains its own "stated prison term," and must be treated separately when calculating whether Kennedy has waited the required time to file for judicial release, particularly given that the sentence in 14CR-834 includes a mandatory one-year prison term for a firearm specification and may be subject to

---

3. These interpretations of "sentencing court" are particularly puzzling when considering that Ohio's 88 counties include some common pleas courts with multiple judges and some with a single judge. Under the State's theory, an offender sentenced in multiple cases in a single-judge county would be able to aggregate any nonmandatory prison terms imposed in those multiple cases to determine judicial-release eligibility and also aggregate those sentences to determine time served on a "stated prison term."  But an offender in a multijudge court who is sentenced in multiple cases before different judges would *not* be able to aggregate the nonmandatory sentences imposed or have those sentences be considered part of the relevant "stated prison term."  Although we need not consider the absurdity of these disparate outcomes on the meaning of the statute given that the plain language of the phrase "sentencing court" is clear and unambiguous, we note nonetheless that the State's interpretation appears to ignore how its approach would create different outcomes throughout the State.

a waiting period different from the waiting period required for the sentence imposed in 14CR-514, which did not contain a firearm specification.

{¶ 20} We next determine whether the courts below correctly calculated whether Kennedy had served enough of her stated prison terms in 14CR-514 and 14CR-834 to satisfy the relevant waiting period described in R.C. 2929.20(C)(5) before filing her judicial-release motions in those cases. However, it appears from the court of appeals' decision that the trial court did not conduct a complete inquiry into this question. The court of appeals concluded that the State had not demonstrated that Kennedy was ineligible for judicial release due to unserved time on her mandatory firearm specification, 2023-Ohio-3078 at ¶ 33 (10th Dist.), but it did not specify how it concluded that Kennedy had served sufficient time. The trial court noted that Kennedy had already served eight years in prison, but it is not clear on which term the court considered that time to have been served. The parties, in their briefs to this court, have focused on the calculation of the "aggregated nonmandatory prison term or terms" and not on the specific time served on the relevant stated prison terms. For example, the State argues in its brief that Kennedy's judicial-release eligibility should be determined by "R.C. 2929.20(C)(1)(c)," which was formerly R.C. 2929.20(C)(3), but it stops short of explaining how this subsection specifically applies to the sentences imposed in 14CR-514 and 14CR-834. Kennedy argues that R.C. 2929.20(C)(5) applies to her judicial-release eligibility, as we conclude here, but also argues that the relevant waiting period was satisfied while Kennedy served the sentence in 14CR-769, an argument we reject. Given the absence of analysis by the lower courts and the lack of specificity in the arguments from the parties on which to base our review, we conclude that the best course is to remand the cause to the trial court to determine, in accordance with this opinion, whether Kennedy was eligible to file her motions for judicial release in 14CR-514 and 14CR-834.

**Conclusion**

**{¶ 21}** For the foregoing reasons, we accept the State's proposition to the extent it is consistent with this opinion. Judicial-release eligibility is determined separately for each stated prison term—the prison term imposed in the case in which the judicial release motion was filed—so long as the applicable subsection of R.C. 2929.20(C) is informed by the aggregate of all of the nonmandatory prison term or terms to which the offender is subject. Accordingly, we reverse the judgment of the Tenth District Court of Appeals and remand this matter to the trial court for further proceedings.

Judgment reversed

and case remanded.

_____

G. Gary Tyack, Franklin County Prosecuting Attorney, and Darren M. Burgess, Assistant Prosecuting Attorney, for appellant.

Steven S. Nolder, for appellee.

_____